NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS R. HRITZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1823

---

Petition for review of the Merit Systems Protection Board in No. CH-0831-21-0334-I-1.

---

Decided: October 17, 2022

---

DENNIS R. HRITZ, Columbus, OH, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, CHEN and STOLL, *Circuit Judges*.

PER CURIAM.

Dennis R. Hritz appeals a decision of the Merit Systems Protection Board (MSPB) dismissing Mr. Hritz's appeal of an Office of Personnel Management (OPM) decision for lack of jurisdiction. We *affirm*.

## BACKGROUND

On May 10, 2021, OPM issued a reconsideration decision denying Mr. Hritz's application for Civil Service Retirement System annuity benefits based on his service in the United States Postal Service. S. Appx. 21. According to OPM, Mr. Hritz was not entitled to annuity benefits because he is no longer employed by the federal government and had already filed for and received a refund of his retirement deductions totaling $7,948.20. *Id.*

Mr. Hritz appealed to the MSPB, arguing that OPM erred because he does not remember getting the refund and because OPM did not provide him a cancelled check to support its decision. S. Appx. 23–24. OPM filed a response on the merits, S. Appx. 25–30, then OPM rescinded the decision and transferred Mr. Hritz's case to the appropriate OPM services office for it to render a new decision with appropriate appeal rights. S. Appx. 31–32. Because the decision being appealed to the MSPB had been rescinded, OPM moved to dismiss. *Id.*

The MSPB dismissed because OPM's recission divested it of jurisdiction. S. Appx. 1–3. Mr. Hritz sought review by the full MSPB, which was denied. S. Appx. 12. Mr. Hritz appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We affirm MSPB decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been

followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We review de novo whether the MSPB has jurisdiction over an appeal. *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020) (citing *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995)).

MSPB jurisdiction is limited to actions made appealable to it by law, rule, or regulation. *Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002). Under 5 U.S.C. § 8347(d)(1), the MSPB has jurisdiction to review OPM determinations affecting an appellant's rights or interests under civil service retirement law. OPM's complete recission of a decision under appeal divests the MSPB of jurisdiction because that decision no longer affects the appellant's rights or interests. *Nebblett v. Off. of Pers. Mgmt.*, 237 F.3d 1353, 1356 (Fed. Cir. 2001). Because OPM rescinded its decision, the MSPB lacks jurisdiction. We therefore *affirm*.[1]

### AFFIRMED

COSTS

No costs.

---

[1] While the MSPB lacks jurisdiction to hear Mr. Hritz's current appeal, OPM indicated it will issue a new decision, S. Appx. 32, which Mr. Hritz can appeal. OPM is required to act diligently and within a reasonable time to issue the new decision. If it does not, Mr. Hritz may file a new appeal on that basis. *McNeese v. Off. of Pers. Mgmt.*, 61 M.S.P.R. 70, 74 (1994), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (unpublished table decision).